# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LOUIS SIMPSON, | Case No. 18-CV-0381 (JRT/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN M. RIOS, FPC Duluth, | |
| Respondent. | |

Petitioner Louis Simpson was found guilty after a jury trial in the United States District Court for the Eastern District of Texas of seven counts of wire fraud and two counts of aggravated identity theft. *See United States v. Simpson*, 440 Fed. App'x 393, 393 (5th Cir. 2011) (per curiam). On direct appeal, Simpson (acting through his attorney) challenged the trial court's refusal to give the jury an instruction on puffery and challenged his restitution obligation of a little over $1 million; the Fifth Circuit Court of Appeals rejected both challenges. *Id.* at 393-94. Simpson also filed several pro se motions with the Fifth Circuit while on direct appeal, but these motions were "denied because they are either barred by the proscription against hybrid representation, or are untimely." *Id.* at 394 (citations omitted).

Simpson, acting pro se, later filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Eastern District of Texas. The court found that all of Simpson's claims except his claim of ineffective assistance of counsel was procedurally defaulted (because he could have raised those claims on direct appeal), and

1

that each of the claims — including the procedurally defaulted claims — was without merit. *See Simpson v. United States*, No. 4:12CV31, 2015 WL 1384900 (E.D. Tex. Mar. 24, 2015).

Simpson — who is currently incarcerated at the Federal Prison Camp in Duluth, Minnesota — now seeks relief from his conviction and sentence through a writ of habeas corpus. *See* 28 U.S.C. § 2241. Simpson's petition for the writ is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, this Court recommends that the petition be dismissed without prejudice for failure to prosecute.

The crux of Simpson's habeas petition is that, according to him, the prosecutors and several witnesses called to testify at his trial and before the grand jury knowingly offered false testimony implicating him in the fraudulent scheme for which he was convicted. In support of his claims, Simpson offers a somewhat cryptic snippet from a report of the Office of Inspector General ("OIG") that he claims demonstrates that his trial was in fact rife with misconduct. *See* ECF No. 3-1 at 17-20.

As Simpson recognizes in the memorandum supporting his petition, a federal prisoner usually cannot challenge the validity of his conviction or sentence through a habeas corpus petition. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255 . . . and not in a habeas petition filed in the court of

---

[1] Although Simpson's petition is not governed by § 2254, the Rules Governing Section 2254 Cases nevertheless may be applied. *See* Rule 1(b).

incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition, unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959. Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion is now barred as "second or successive." *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that he "had no earlier procedural opportunity to present his claims." *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first

§ 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

Simpson proffers two reasons why § 2255 is inadequate or ineffective to challenge the validity of his conviction. First, Simpson argues that he attempted to pursue these (and many other) issues while on direct appeal, but was prevented from doing so by his attorney and the Fifth Circuit. Thus, says Simpson, he cannot now and could not ever have raised the claims under § 2255 because those claims would be deemed procedurally defaulted. *See United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001). But in his § 2255 motion, Simpson *did* raise claims of prosecutorial misconduct, and the trial court *did* consider the merits of those claims (while finding, in addition, that the claims were procedurally defaulted). *See Simpson*, 2015 WL 1384900, at *5. Likewise, Simpson *did* claim that false testimony was introduced before the grand jury and at trial, and the trial court *did* consider the merits of those claims, too. *Id*. It is hard to see, then, how § 2255 could have been an inadequate or ineffective means for Simpson to raise the claims that he intends to raise here, as he has already raised the same or closely related claims and received a ruling on the merits of those claims.

Second, Simpson argues that the OIG report putatively verifying that misconduct occurred during the underlying criminal proceedings was not prepared until after his § 2255 proceedings had concluded, and thus any claims based on that report could not have been presented in his § 2255 motion. It is not at all clear from the records made available by Simpson to this Court that the OIG report is as exonerating as Simpson contends. But even if it is, nothing prevented Simpson from seeking authorization to file

4

a second or successive motion under § 2255 from the Fifth Circuit Court of Appeals after learning of the OIG report. *See* 28 U.S.C. § 2244(b)(2)(B). Put another way, § 2255 itself provides an avenue for relief fully adequate for Simpson, provided that he can establish the factual basis for his claims. And because § 2255 is adequate and effective, habeas corpus relief is not available to Simpson.

This Court therefore recommends that this matter be dismissed without prejudice for lack of jurisdiction. *See* 28 U.S.C. § 2255(e).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Dated: April 24, 2018                             s/ *Steven E. Rau*
                                                  Steven E. Rau
                                                  U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).