# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| LOUIS SIMPSON,<br><br>       Petitioner,<br><br>v.<br><br>WARDEN M. RIOS, FPC Duluth,<br><br>       Respondent. | Civil No. 18-381 (JRT/SER)<br><br>**MEMORANDUM OPINION<br>AND ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

Louis Simpson, Reg. No. 02297-028, FPC-Duluth, P.O. Box 1000, Duluth, MN 55814, *pro se* petitioner.

Ana H. Voss and Ann M. Bildtsen, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for respondent.

Louis Simpson, a federal prisoner incarcerated at the Federal Prison Camp in Duluth, brings a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Simpson challenges his conviction in the U.S. District Court for the Eastern District of Texas on two counts of aggravated identity theft and seven counts of wire fraud. U.S. Magistrate Judge Steven E. Rau issued a Report and Recommendation ("R&R"), recommending that the Court dismiss the petition without prejudice for lack of jurisdiction. Because Simpson has not shown that 28 U.S.C. § 2255 provides an inadequate or ineffective remedy, the Court

1

will find that it lacks jurisdiction to hear Simpson's case, adopt the R&R, and dismiss Simpson's petition without prejudice.

## BACKGROUND

In October 2009, a jury in the U.S. District Court for the Eastern District of Texas found Simpson guilty of two counts of aggravated identity theft under 18 U.S.C. § 1028A and seven counts of wire fraud under 18 U.S.C. § 1343. *Simpson v. United States*, 08-123, 2015 WL 1384900, at *1 (E.D. Tex. 2015). At trial, the Government presented evidence that Simpson had created and executed a scheme to defraud U.S. Benefits ("USB") by soliciting investments for a nonexistent program with the Department of Housing and Urban Development ("HUD"). *Id.* at *1-3. As part of this scheme, Simpson falsified documents and forged signatures of HUD employees. *Id.* The court sentenced Simpson to 183 months' imprisonment. *Id*. at *1.

### I. DIRECT APPEAL

Simpson appealed his conviction on the grounds that the trial court abused its discretion by (1) failing to provide a "puffery" instruction and (2) by ordering a restitution payment of more than $1 million. *United States v. Simpson*, 440 F. App'x 393, 393 (5th Cir. 2011). The Fifth Circuit affirmed Simpson's conviction, finding that the trial court did not abuse its discretion with regard to either ground and that the closing arguments and jury instructions sufficiently placed the puffery issue before the jury. *Id.* at 393-94. The Fifth Circuit also denied various pro se motions advanced by Simpson since they were

"either barred by the proscription against hybrid representation . . . or [were] untimely." *Id.* at 394 (citations omitted).

## II. SECTION 2255 PETITION

After the Fifth Circuit denied his appeal, Simpson filed a motion under 28 U.S.C. § 2255 in the Eastern District of Texas. *Simpson*, 2015 WL 1384900, at *1. Section 2255 allows federal prisoners to petition their sentencing court to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255(a). The court noted that, under Section 2255, Simpson could not relitigate issues raised and decided on direct appeal or litigate issues that he could have raised on direct appeal but did not. *Id.*

Simpson asserted that the Government committed *Brady*/*Giglio* violations by allowing Government witnesses to testify as representatives of U.S. Benefits Plus, LP, when the indictment had charged him with defrauding "U.S. Benefits Plus Corporation or company" and U.S. Benefits Plus, LP did not exist until after his allegedly criminal actions occurred. *Id.* at *3-4. The magistrate judge recommended denying this claim as procedurally barred because Simpson could have raised it on appeal. *Id.* at *4. The magistrate judge also noted that this claim lacked merit. The indictment referred to "U.S. Benefits Plus," and testimony demonstrated that U.S. Benefits Plus was comprised of three entities (USB, U.S. Benefits Plus LP, and U.S. Benefits Plus, Inc.); thus, Government references to those entities referred to the same organization. *Id.*

The magistrate judge also noted that most of Simpson's other claims lacked merit and recommended dismissing them as procedurally barred because Simpson could have

3

raised them on appeal. *Id.* at *4-6. He considered the merits of Simpson's ineffective assistance of trial and appellate counsel claims but recommended denying them because Simpson did not show that he was prejudiced by his counsel's performance. *Id.* at *6-9.

Noting that no objections had been filed, the district court adopted the magistrate judge's recommendations and dismissed Simpson's § 2255 Petition. *Id.* at *1. Simpson then filed a Motion for Reconsideration, arguing that he had filed objections to the magistrate judge's recommendations, which were timely under the prison-mailbox rule, and urged the district judge to conduct a de novo review. *Simpson v. United States*, 4:08CR123(1), 2015 WL 3899368, at *1 (E.D. Tex. June 23, 2015). The district court reviewed his objections de novo. *Id.* at *1-2. It also found that Simpson failed to show "manifest errors of law or newly discovered evidence that entitle[d] him to any further relief" and denied the motion. *Id.* at *2. Simpson sought a certificate of appealability from the Fifth Circuit but was denied. (Order Denying Certificate of Appealability, Jan. 19, 2016, No. 4:12-cv-31 (E.D. Tex.), Docket No. 36.)

## III. DOJ OFFICE OF INSPECTOR GENERAL COMPLAINT

Simpson filed a complaint with the Department of Justice's Office of Inspector General ("OIG") regarding prosecutorial misconduct. (Pet.'s Mem. Supp. ("Mem.") at 4, Feb. 8, 2018, Docket No. 2; OIG Report at 19, Feb. 8, 2018, Docket No. 3-1.) He requested access to the investigation's findings through the Freedom of Information Act and received a redacted, four-page copy of his complaint form, which Simpson refers to as the "OIG

4

Report." (Mem. at 4; OIG Report at 17-20.) The OIG Report indicates that the complaint was "[r]eferred to OPR" and "cc'ed to the FBI and HUD OIG." (*Id*. at 20.)

## IV. SECTION 1361 PETITION

While incarcerated in Illinois, Simpson filed a Writ of Mandamus under 28 U.S.C. § 1361 in the U.S. District Court for the Central District of Illinois. *Simpson v. United States*, No. 16-1354, 2017 WL 2120064, at *1 (C.D. Ill. May 16, 2017), *reconsideration denied*, 2017 WL 5309605 (Nov. 13, 2017). The court denied his petition, finding that the appropriate vehicle for Simpson's arguments was a habeas-corpus petition, not mandamus. *Id.* at *2. The court noted that Simpson had already filed a § 2255 petition in Texas; thus, the appropriate procedure was to seek permission from the Fifth Circuit to file a second or successive § 2255 Petition or, if that remedy was inadequate or ineffective, to file a § 2241 Petition. *Id.* at *3.

## V. SECTION 2241 PETITION

Simpson is now incarcerated at a federal facility in Duluth, Minnesota. He seeks relief from this Court under 28 U.S.C. § 2241 on three grounds, all of which are based on the OIG's report, (Pet. at 8): (1) that prosecutors made false statements during the grand jury phase of his criminal proceedings, violating both grand jury independence and the Fifth Amendment; (2) that the FBI presented fabricated evidence before the grand jury and during Simpson's trial; and (3) that six people named in the OIG Report, including the

5

magistrate judge, committed misconduct, which undermined the integrity of Simpson's legal proceedings, (Statement of Grounds, Feb. 8, 2018, Docket Nos. 1-5 to 1-7).

Simpson argues that he is eligible for § 2241 relief pursuant to 28 U.S.C. § 2255(e)'s "saving clause." He argues that his remedy under § 2255 was inadequate or ineffective in that he gained access to the OIG's redacted report only after his § 2255 Petition had been denied. (Pet. at 2, Attach. A-B, Feb. 8, 2018, Docket Nos. 1-1, 1-2.) He alleges that the OIG investigated his complaint and "issued a negative report against both government prosecutors, both FBI Case Agents, an OIG/HUD Agent, a court's Probation Officer and the Magistrate Judge who had issued an R&R on [Simpson's] 2255 Motion." (Pet. at 5, Attach. B at 1.) Simpson alleges that, due to the OIG's report, he "became aware that the prosecution had made false statements regarding the evidence even during [his] Sec. 2255 proceedings." (*Id.* at 2.)

**VI.    REPORT AND RECOMMENDATION**

United States Magistrate Judge Steven E. Rau recommended that the Court dismiss this case without prejudice for lack of jurisdiction because Simpson had not shown that § 2255 provides an ineffective or inadequate remedy. (R&R at 4-5, Apr. 24, 2018, Docket No. 4.) The Magistrate Judge rejected Simpson's argument that he was prevented from pursuing arguments regarding prosecutorial misconduct by his attorney and the Fifth Circuit and that § 2255 was ineffective or inadequate because he only received the OIG Report after his § 2255 Petition was denied. (*Id.*) The Magistrate Judge also noted that the OIG Report may not actually be exonerating and that nothing prevents Simpson from

6

seeking authorization to file a second or successive § 2255 Petition. (*Id.*) Simpson objects. (Objs., May 10, 2018, Docket No. 5.)

## DISCUSSION

I.     STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Because Simpson's objections were proper, the Court will review those portions of the R&R de novo.

II.     SECTION 2241

Under § 2241, a district court can grant a writ of habeas corpus to a federal prisoner incarcerated in the court's district. 28 U.S.C. § 2241(a), (c). But Congress has placed limits on federal district judges' ability to hear these petitions to prevent judges unfamiliar with cases from adjudicating habeas corpus claims.[1] "It is well settled [that] a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th

---

[1] *See* Attorney General's Advisory Committee, *U.S. Attorney's Manual: 745. Protocol for the Effective Handling of Collateral Attacks on Convictions Brought Pursuant to 28 U.S.C. 2241*, U.S. Dep't of Justice (2002), https://www.justice.gov/usam/criminal-resource-manual-745-introduction-federal-habeas-corpus.

Cir. 2003). However, in limited circumstances, a federal prisoner may seek § 2241 habeas relief through § 2255's "savings clause" which provides:

> An application for a writ of habeas corpus [o]n behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Under the savings clause, a federal district court lacks jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).

Application of the savings clause is limited. First, petitioners bear the burden of proof. *Id.* Second, petitioners must first seek § 2255 relief in the sentencing court. *Id.* at 324. Third, petitioners must establish that § 2255 relief was barred by something more than procedural barriers. *Hill,* 349 F.3d at 1091. Petitioners cannot claim that § 2255 offered inadequate relief if they had any opportunity to previously present their claim or an unobstructed procedural opportunity to raise a claim. *See Abdullah v. Hendrick,* 392 F.3d 957, 959-60, 963 (8th Cir. 2004).

### III. SIMPSON'S PETITION

Simpson argues that he is entitled to § 2241 relief on three grounds, all of which are based on the OIG Report. He claims that § 2255 provides inadequate or ineffective relief on these grounds because he had "no reasonable opportunity to obtain an earlier judicial

8

merit review of a fundamental defect in his conviction or sentence" because the OIG Report was not available until after his § 2255 Petition was decided. (Pet. at 5, Attach. B at 2.)

### A. Inadequacy or Ineffectiveness of § 2255 Relief

Section 2255 specifically allows petitioners to seek certification of a second or successive motion when "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). Simpson does not allege that he sought to file a second or successive motion, nor that he was prevented from doing so.[2] Furthermore, the one-year statute of limitations on § 2255 petitions based on newly discovered evidence runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(4). Assuming that Simpson worked diligently to obtain the OIG Report, the statute of limitations would have begun to run from the date he acquired it and not when the judgement of conviction became final.[3]

Simpson argues that he was unable to present evidence from the OIG Report in his § 2255 Petition because he did not obtain it until after his Petition had been denied. But

---

[2] The Court expresses no view on the strength of such a motion by Simpson, although the Court notes that the OIG Report appears to be merely a copy of the complaint that Simpson filed with the OIG. But even if such a motion by Simpson were not ultimately successful, § 2255 relief does not become ineffective or inadequate merely because a second or successive motion is dismissed. *Hill*, 349 F.3d at 1091.

[3] Simpson may now be beyond the statute of limitations for filing such a motion, but § 2255 relief is not ineffective merely because a petitioner allows the one-year statute of limitations period to expire. *Hill*, 349 F.3d at 1091.

9

that is precisely what § 2255(h) is for; it provides a mechanism for filing an additional motion when new evidence is discovered. Simpson never sought to file a second or successive motion after receiving the OIG Report. As such, Simpson has not demonstrated that § 2255 relief is ineffective or inadequate, and the Court must dismiss his § 2241 Petition for lack of jurisdiction pursuant to 28 U.S.C. § 2255(e).

### B. Objections

Simpson objects to the R&R on two grounds, both of which relate to his original § 2255 Petition: (1) that he did not have an unobstructed procedural opportunity to raise his claims in the Petition because the district court failed to conduct a proper de novo review of the R&R on the Petition, and (2) that the OIG Report clearly indicates that prosecutorial and judicial misconduct prevented him from entering essential evidence into the record on the Petition. Simpson's objections are unavailing. They relate only to why his prior § 2255 Petition was denied; they have no bearing on whether § 2255 would provide an adequate or effective remedy for his present claims. Simpson does not explain why § 2255 would provide inadequate or ineffective relief on the claims presented in this § 2241 Petition.

The Court need not decide whether the U.S. District Court for the Eastern District of Texas conducted a proper de novo review of Simpson's § 2255 Petition. The question has no bearing on whether a second § 2255 Petition would be adequate or effective on the claims stemming from the OIG Report. For the same reason, the Court need not decide whether prosecutorial misconduct affected the integrity of Simpson's prior § 2255 Petition. At issue is whether a future petition would provide adequate and effective relief.

Simpson's objections fail to demonstrate that relief on the present claims under § 2255 would be inadequate or inefficient.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Simpson's Objections to the Report and Recommendation [Docket No. 5] are **OVERRULED** and the Magistrate Judge's Report and Recommendation [Docket No. 4] is **ADOPTED**.

2. Plaintiff's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DENIED** and this action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 2, 2018        _____s/John R. Tunheim_____
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
       Chief Judge
       United States District Court