# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| LOUIS SIMPSON,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>WARDEN M. RIOS, FPC Duluth,<br><br>　　　　　　　Respondent. | Civil No. 18-381 (JRT/SER)<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT** |

Louis Simpson, Reg. No. 02297-028, FPC-Duluth, P.O. Box 1000, Duluth, MN 55814, *pro se* petitioner.

Erica H. MacDonald, United States Attorney, and Ana H. Voss and Ann M. Bildtsen, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for respondent.

Louis Simpson, a federal prisoner, brings a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) seeking relief from the Court's denial of his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Mot. to Reconsider ("Mot."), July 12, 2018, Docket No. 11.)[1] Simpson argues that the Court committed a

---

[1] Simpson titles his motion a "Motion for Reconsideration." However, Simpson brings the motion under Rule 59(e) and cites case law addressing Rule 59(e). As such, the Court treats the motion as a Rule 59(e) Motion to Alter or Amend Judgment and applies the relevant standards accordingly.

Simpson also requests that the Court amend its findings under Federal Rule of Criminal Procedure 52(b) and Federal Rule of Civil Procedure 52(b). The criminal rule, which defines harmless and plain error, has no bearing on Simpson's motion. Simpson discusses plain error in the context of structural error, but the Court will reject Simpson's argument as to structural error. *See infra* pp. 3-4.

*(footnote continued on next page)*

"manifest error of law," *United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006), in not considering his claim that the magistrate judge in the U.S. District Court for the Eastern District of Texas was biased. He alleges that the magistrate judge "intentionally and deliberately refused to accept and admit into evidence" a document from the Texas Secretary of State Business Records ("the Report") showing that the alleged victim in the indictment, U.S. Benefits Plus, LP, did not exist at the time Simpson engaged in the offenses for which he was convicted. (Mot. at 1, 3.) The Court will deny Simpson's Motion because it raises new grounds and because he has not demonstrated that the Court committed a manifest error of law.

**DISCUSSION**

The Court will deny Simpson's motion because it raises a new argument or – at the very least – tenders new legal theories. Rule 59(e) motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Metro St. Louis Sewer Dist.*, 440 F.3d at 933. While Simpson previously argued that the magistrate judge "intentionally ignored the Petitioner's evidence which proved the truth of the matter," (Statement of Grounds: Ground Three at 8, Feb. 8, 2018, Docket No. 1-7), he now argues that this action demonstrates that the magistrate judge was biased, that this bias was a structural error that affected the integrity of his Section 2255 proceedings, and that this structural error makes Section 2255 an

---

The civil rule applies only to "'an action tried on the facts without a jury' in which the district court makes findings of fact." *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (quoting Fed. R. Civ. P. 52(a)(1))). Here, the Court did not try the case or make findings of fact. As such, the Court denies Simpson's request.

inadequate or ineffective remedy. This argument was not raised in Simpson's original petition. As such, his motion to reconsider fails on procedural grounds.

Moreover, even if Simpson's motion were proper under Rule 59(e), it would be denied on the merits. Simpson has not shown that the magistrate judge's refusal to admit the Report demonstrates bias or that such bias is a "structural error" warranting reversal. As discussed in the Court's prior order, the magistrate judge found that Simpson's claim regarding actual innocence based on the information contained in the Report was procedurally barred because it could have been raised on appeal. (Mem. Op. and Order at 3, July 2, 2018, Docket No. 9 (citing *Simpson v. United States*, No. 4:08CR123(1), 2015 WL 1384900, at *4 (E.D. Tex. Mar. 24, 2015).) The magistrate judge also found that Simpson's claim was without merit. *Simpson*, 2015 WL 1384900, at *4. In making these findings, the magistrate judge noted that, while the Report had not been admitted for consideration, it would "not affect the outcome of the court's determination." *Id.* at n.1. While Simpson may disagree with the magistrate judge's decision not to admit the Report, the decision does not demonstrate bias. Indeed, the magistrate judge indicated that the Report would have no bearing on the outcome of Simpson's claim one way or the other.[2]

---

[2] Furthermore, the magistrate judge's findings were presented in the form of a report and recommendation that was ultimately reviewed de novo by the U.S. District Court for the Eastern District of Texas. *Simpson v. United States*, 4:08CR123(1), 2015 WL 3899368, at *1 (E.D. Tex. June 23, 2015). Simpson has not argued that the district court was biased. Reviewing Simpson's objections de novo, the district court found that Simpson's claim of actual innocence based on the Report was both time-barred and without merit. *Id.* at *1-2. The district court noted that "even if the [Report] had been admitted, [Simpson] fail[ed] to meet his burden of showing that a reasonable jury would not have convicted him after considering the overwhelming amount of other evidence presented at trial." *Id.* at *2. As such, to the extent that Simpson may be alleging that the magistrate judge's error was plain and that failure to correct it would result in a miscarriage of justice, he has not shown as much.

Even if Simpson had demonstrated that the magistrate judge was biased in refusing to admit the Report, his argument would fail because such bias is not structural error. Structural errors are errors that "affect[] the framework within which [a] trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). Alleged bias of a magistrate judge on post-conviction proceedings is not an error in the trial process, much less an error that affects the framework of a trial. As such, it is not a structural error.

Simpson's motion fails both procedurally and on the merits. The Court finds no manifest error of law in its prior order. Thus, the Court will deny the motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Simpson's Motion to Alter or Amend a Judgment [Docket No. 11] is **DENIED**.

DATED: September 24, 2018            _____ s/John R. Tunheim_____
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                                                        Chief Judge
                                                    United States District Court